■ LANGSTON KELSO et al., Respondents, v LINCOLN FIRST BANK, N. A., Defendant, and DORSCHEL BUICK, INC., Appellant. —Order of Monroe County Court and judgment of City Court of the City of Rochester reversed, on the law, without costs, and complaint dismissed. Memorandum: The evidence submitted at trial was insufficient to establish that defendant Dorschel Buick, Inc., had altered the odometer reading on the car subsequently purchased by plaintiffs from another, or that any alteration took place with intent to defraud.

Motor Vehicle Information and Cost Savings Act § 401 *et seq.* (15 USC § 1981 *et seq.)* provides in relevant part: "[n]o

person shall disconnect, reset, or alter the odometer of any motor vehicle with intent to change the number of miles indicated thereon" (15 USC § 1984). The statute further provides that "[a]ny person who, with intent to defraud, violates any requirement imposed under this title shall be liable" (15 USC § 1989 [a]). The direct proof demonstrated at trial that when plaintiffs purchased the car the odometer reading was 17,748 miles; that when plaintiff Langston Kelso returned to defendant's service department after experiencing mechanical difficulties with the car, he was presented with a computer printout which indicated that when the car had been delivered to Dorschel a few months earlier by a prior owner the mileage was 27,724; that the assistant service manager who filled out the repair order for the car when earlier delivered to defendant, in reading his own handwriting on the repair order (the court conceded the difficulty in reading the exhibit), opined that the figure he wrote was either 17,724 or 77,724; that the computer operator employed by defendant who took the mileage from the repair order and entered it into the computer indicated errors are sometimes made; that plaintiff Langston Kelso, himself an auto mechanic, testified that he would expect a car to be driven about 10,000 miles a year; and that the car in question was about 1½ years old when purchased by plaintiff. Plaintiff offered no proof from which it could be concluded that the odometer had, in fact, been tampered with or that the car actually had more mileage than was indicated when he made the purchase. Thus, the only thing clearly established was that the records at defendant's service department were in conflict. Nothing in this record points to any efforts by defendant at concealment. Indeed, the discrepancy in the mileage records was provided to plaintiff by defendant before any action was contemplated. " 'All that is required of a purchaser before recovery will be allowed is that a change in the odometer reading has occurred and that the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change' " *(Bryant v Thomas,* 461 F Supp 613, 616-617).

Based on the facts presented, the court inferred that, because of the discrepancy in defendant's records, it had, in fact, altered the odometer reading. In our view, these same facts lead to a strong inference that the differences in the records of the odometer readings were the result of a clerical error in recording the mileage on the computer. When facts seeking to establish the existence of wrongdoing are equally consistent

with an inference that an impropriety has not occurred, plaintiffs have failed to carry their burden of proof and liability cannot attach. We additionally observe that the court's finding that defendant altered the odometer "with intent to defraud" as required by the statute (15 USC § 1989 [a]) was based totally on conjecture and is unsupported in the record.

All concur, except Denman and Green, JJ., who dissent and vote to affirm in the following memorandum.

Denman and Green, JJ. (dissenting). We must dissent. The records of defendant Dorschel Buick, Inc. (Dorschel), establish that the odometer was altered while the vehicle was under its exclusive dominion and control. Dorschel claims that the alteration was the result of a clerical error which does not constitute intent to defraud necessary to subject it to statutory liability *(see,* 15 USC §§ 1984, 1989). The trial court held otherwise, however, finding that "Dorschel was the only party that had anything to gain by the alteration since it found itself in the position of having invested parts and labor in excess of One Thousand Two Hundred ($1,200.00) Dollars in the car which was about to be repossessed by Lincoln First Bank. It is reasonable to infer that the 'roll-back' of the mileage may have induced Lincoln First Bank to agree to pay the Dorschel's lien to obtain release of the car, since it gave Lincoln at least some assurance that their own lien would be satisfied at the repossession sale." On appeal, County Court determined that the trial court's decision "was supported by the testimony and exhibits." In our view, the record on appeal provides no basis to overturn these findings. Accordingly, the order should be affirmed. (Appeal from order of Monroe County Court, Maloy, J.—fraud.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.